# Exhibit A

**Secured Promissory Note**

U.S. $5,250,000                                                                                                       July 10, 2017
Los Angeles, California

FOR VALUE RECEIVED, the undersigned, YSL Touring LLC, a Georgia limited liability company (referred to herein as "Artistco" or "Maker"), promises to pay to AEG Presents LLC ("Holder"), or order, at 425 West 11th Street, Suite 400 Floor, Los Angeles, CA 90015, or at such place as Holder may from time to time designate, the principal amount of **Five Million Two Hundred Fifty Thousand United States Dollars (U.S. $5,250,000)**, with interest on such amount until paid, at the rate set forth below and payable as follows:

**PRINCIPAL**

Maker acknowledges and agrees that the original principal amount of this Promissory Note and the below security agreement (the "Note") is **Five Million Two Hundred Fifty Thousand United States Dollars (US $5,250,000)**, which represents the amount to be advanced to Maker as the Pre-Tour Advance under that certain Artist Agreement dated as of July 10, 2017 between Holder and Maker in effect as of the date hereof (the "Artist Agreement").

Unless otherwise defined herein, the capitalized terms shall have the meaning ascribed to them in the Artist Agreement.

**INTEREST RATE**

The amount of outstanding principal shall bear interest from and after July 10, 2018 (the "Interest Commencement Date") at the rate of Six Percent (6%) per annum, and shall be calculated on the basis of a 365-day year ("Interest").

**MATURITY DATE**

As used herein, "Maturity Date" means the earliest to occur of the following: (i) any lawful termination of the Artist Agreement, (ii) thirty (30) days after the end of the Term pursuant to the terms of the Artist Agreement (defined below), or (iii) December 31, 2019, but in any event not later than the Final Settlement under the Artist Agreement.

**PAYMENT**

All unpaid principal outstanding on the Maturity Date shall be then due and payable in full.

Prior to the Maturity Date, Maker shall be required to make payments in the amounts of ▮▮▮▮ of the Per Show Compensation Amount(s) and ▮▮▮▮ of all Contingent Compensation as and when such amounts are due (and Artist has Earned the corresponding portion of the Advance) under the terms of Paragraph the Artist Agreement, and Promoter is entitled to deduct such amounts from sums otherwise owing by Promoter to Artistco and the principal amount owing under this Note shall be deemed reduced, but not below zero, by amounts equal to the portion of the Advance Earned by Artistco pursuant to the terms of Paragraph 6(b)(i) of the Artist Agreement and the interest due shall be deemed reduced, but not below zero, by the amount of Interest recouped by Promoter as a Pool Expense under the Artist Agreement.

Except as otherwise provided herein, any payment hereunder shall be applied first to the payment of costs and charges of collection, if any, then to accrued interest, and the balance, if any, shall

be then applied to reduction of principal. Principal and interest are payable in lawful money of the United States of America. For the avoidance of doubt, no amounts shall be payable to Holder hereunder if Artistco Earns the full amount of the Advance in accordance with the Artist Agreement and Promoter recoups the full amount of the Interest due hereunder as a Pool Expense.

**SECURITY AGREEMENT**

To secure the faithful and timely performance of Maker's obligations hereunder and Maker's obligations under the Artist Agreement, and all extensions, modifications, substitutions, replacements, and renewals of all such obligations (collectively, the "Secured Obligations"), Maker hereby grants to Holder, a security interest in all of Maker's right, title and interest in, to, and under the following properties, assets and rights, wherever located, whether now owned or hereafter acquired or arising (all collectively the "Collateral"):  all accounts and general intangibles (including, without limitation, all software, payment intangibles, trademarks and copyrights), documents and contracts, and all proceeds, replacements, substitutions, products, accessions, and increases of any thereof, in any form, as those terms are or may hereafter be defined in the California Commercial Code from time to time in effect. Maker shall reasonably cooperate with Promoter in its efforts to perfect such security interest in all such Collateral.  To the extent allowed by law, Maker hereby irrevocably appoints Holder, acting singly, as Maker's attorney-in-fact, with full authority in the place and stead of such Maker and in the name of Maker, Holder, or otherwise, from time to time in Holder's discretion, to take any action and to execute any instrument that Holder may deem reasonably necessary or advisable to accomplish the purposes of this Note, including, without limitation: (a) to ask, demand, collect, sue for, recover, compound, receive, and give acquittance and receipts for, money due and to become due under or in respect of any of the Collateral; (b) to receive, endorse, and collect any drafts or other instruments and documents in connection with the foregoing; and (c) to file claims or take any action or institute any proceedings that Holder may deem necessary or desirable for the collection of any of the Collateral or otherwise to enforce the rights of Holder with respect to any of the Collateral.

**DEFAULT/ACCELERATION**

If any one or more of the following events shall occur (hereinafter called an "Event of Default"), namely:

(i) default shall be made in the payment of this Note on the Maturity Date;

(ii) default in any other obligation contained herein, which default is not cured within thirty (30) days after notice of such default has been given by Holder to Maker; or

(iii) if Maker or any guarantor of Marker's obligations hereunder shall make a general assignment for the benefit of creditors, or shall file or have filed against it a petition for relief under any chapter or provision of the Bankruptcy laws of the United States, as amended from time to time (and in the case of any involuntary proceeding the same is not dismissed within sixty (60) days thereof), or shall file a petition, complaint, pleading, certificate, formal request or matter of a similar nature seeking any reorganization, arrangement, composition, liquidation, dissolution or financial relief of a similar nature under any present or future statute, law or regulation, or shall file an answer or response admitting or not contesting the material allegations of a petition or other document filed against it in any proceeding commenced for the purpose of affecting the rights and/or creditors' remedies of Maker or any such guarantor; or in the event that a receiver or trustee shall be appointed for Maker or any such guarantor.

THEN, upon the occurrence of any such Event of Default, Holder at its election, and without presentment, demand, notice of any kind, all of which are expressly waived by Maker, may declare the entire outstanding balance of principal and interest thereon immediately due and payable, together with

all costs of collection, including attorneys' fees, and/or may exercise upon or enforce its rights to its Collateral, as are set forth in this Agreement.

**NO WAIVER BY HOLDER**

The acceptance by Holder of any payment under this Note after the date such payment is due, or the failure to declare an Event of Default as herein provided, shall not constitute a waiver of any of the terms of this Note or the right to require the prompt payment when due of future or succeeding payments or to declare an Event of Default for any failure to so pay or for any other default.  The acceptance by Holder of a payment of a portion of any installment at any time that such installment is due in full shall not cure or excuse the default caused by the failure to pay such installment in full and shall not constitute a waiver of the right to require full payment when due of all future or succeeding installments.

**ATTORNEYS' FEES AND COSTS**

In the event Holder takes any action to enforce any provision of this Note, either through legal proceedings or otherwise, Holder shall be entitled to recover its reasonable attorneys' fees and all other actual, out-of-pocket and documented costs and expenses incurred in connection with such action to enforce this Note.

**WAIVERS**

Maker, endorsers, guarantors and sureties of this Note hereby waive diligence, demand, presentment, notice of non-payment, protest and notice of protest; expressly agree that this Note, or any payment hereunder, may be renewed, modified or extended from time to time and at any time; and consent to the acceptance or release of security for this Note or the release of any party or guarantor, all without in any way affecting their liability and waive the right to plead any and all statutes of limitations as a defense to any demand on this Note, or on any guaranty thereof, or to any agreement to pay the same to the full extent permissible by law.

**MAXIMUM INTEREST**

In no event whatsoever shall the amount paid, or agreed to be paid, to Holder for the use, forbearance or detention of money to be loaned hereunder or otherwise, for the performance or payment of any covenant or obligation contained herein, exceed the maximum amount permissible under applicable law.  If from any circumstance whatsoever fulfillment of any provision hereof exceeds the limit of validity prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance Holder shall ever receive as interest under this Note or otherwise an amount that would exceed the highest lawful rate, such amount that would be excessive interest shall be applied to the reduction of the principal amount owing hereunder and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal, such excess shall be refunded to Maker.

**PREPAYMENT**

Maker may prepay this Note in full or in part at any time without prepayment charge.

**MISCELLANEOUS**

The terms of this Note shall inure to the benefit of and bind the parties hereto and their successors and assigns.  As used herein, the term "Maker" shall include the undersigned Maker and any other person or entity who may subsequently become liable for the payment hereof.  The term "Holder" shall include the named Holder as well as any other person or entity to whom this Note or any interest in

this Note is conveyed, transferred or assigned, provided this Note shall not be transferred, conveyed or assigned prior to the Maturity Date apart from the Artist Agreement, subject to the assignment provisions thereof.  Each person signing this Note on behalf of Maker represents and warrants that he has full authority to do so and that this Note binds Maker.  No provision of this Note may be waived or modified orally, but only in a writing signed by Holder.

**NOTICE**

All notices, approvals, and consents required or permitted to be given hereunder, or which are given with respect to this Agreement, shall be in writing, and shall be deemed duly given or made (i) upon delivery or refusal of such delivery of such notice by a recognized courier service (which shall be deemed to be given upon delivery if delivered on a business day, or the next business day if delivered on a holiday or weekend); (ii) upon personal delivery (which shall be deemed to have been given upon delivery) (which shall be deemed to be given upon delivery if delivered on a business day, or the next business day if delivered on a holiday or weekend); or (iii) upon delivery by fax machine capable of confirming receipt (which shall be deemed to be given upon delivery if delivered on a business day, or the next business day if delivered on a holiday or weekend), and in each case addressed as follows (or at such other address for a party as shall be specified in a notice so given):

| | |
|---|---|
| To Maker: | YSL Touring LLC<br>c/o Nigro Karlin Segal Feldstein & Bolno<br>10960 Wilshire Blvd., 5th Floor<br>Los Angeles, CA 90024<br>Attn: David Bolno<br>Tel:  (310) 226-6649<br>Fax:  (310) 226-4405<br>Email:  YSLNKSFB@nksfb.com |
| With a simultaneous copy to: | Davis Shapiro Lewit Grabel Leven Granderson & Blake, LLP<br>150 S. Rodeo Drive, Suite 200<br>Beverly Hills, CA  90212<br>Attn:  Damien Granderson, Esq.<br>Tel:  (310) 248-3415<br>Fax:  (310) 278-4457<br>Email:  dgranderson@davisshapiro.com |
| To Holder: | AEG Presents LLC<br>425 West 11th Street, Suite 400<br>Los Angeles, CA  90015<br>Attn:  General Counsel<br>Tel:  (323) 930-5700<br>Fax:  (323) 930-5785<br>Email:  strell@aeglive.com |

**GOVERNING LAW**

This Note shall be governed by and construed under the internal laws of the State of California without regard to principles of conflicts of laws.  This Note shall be deemed made, entered into and delivered in Los Angeles County, California, and the Maker hereof hereby submits and consents to the exclusive jurisdiction and venue in the Superior Court of California for the County of Los Angeles.

**FACSIMILE OR COPY OF SIGNATURE**

      This Note may be signed in wet ink or via Docusign, Cudasign or a similar electronic signature application, with a facsimile signature, emailed signature or other copy of such signature being deemed an original.

                                    MAKER:

                                  YSL Touring LLC

                              By: _____
                                  (signed by an authorized representative)

Case 2:20-cv-11601-MRA-PVC   Document 1-1   Filed 12/23/20   Page 6 of 6   Page ID #:26