STOKES WAGNER, ALC
HAYDEN R. PACE (SBN 219627)
hpace@stokeswagner.com
One Harbor Drive, Suite 211
Sausalito, CA 94965
Telephone: (415) 943-9471
Facsimile: (619) 232-4840

Attorneys for Defendants
YSL Touring LLC, Jeffrey Lamar Williams and
Young Stoner Life Publishing LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AEG PRESENTS LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>       v.<br><br>YSL TOURING LLC, a Georgia limited liability company, JEFFREY LAMAR WILLIAMS, an individual, and YOUNG STONER LIFE PUBLISHING LLC, a Georgia limited liability company,<br><br>       Defendants. | Case No. 20-cv-11601-VAP<br><br>**DEFENDANTS JEFFERY LAMAR WILLIAMS, YSL TOURING, LLC & YOUNG STONER LIFE PUBLISHING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendants JEFFERY LAMAR WILLIAMS ("Williams"), YSL TOURING, LLC, a Georgia limited liability company ("YSL"), and YOUNG STONER LIFE PUBLISHING, LLC, a Georgia limited liability company ("YSLP") (collectively, "Defendants") and hereby file their response to Plaintiff AEG PRESENTS, LLC a Delaware limited liability company's ("Plaintiff") First Amended Complaint filed in the United States District Court for the Central District of California, Western Division on February 18, 2021 (the "Complaint"), showing the Court as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS

## JURISDICTION AND VENUE

1. Defendants deny that Plaintiff is entitled to any relief in this action but admit that Paragraph 1 purports to assert that this is a civil action brought under California law for breach of contracts, specific performance of security agreements, declaratory relief, injunctive relief, judicial foreclosure, fraudulent misrepresentation, and fraudulent promises made without an intent to form, and admits that subject matter jurisdiction is proper.

2. Defendants admit the Court has personal jurisdiction over them.

3. Defendants admit that venue is proper in this judicial district.

## THE PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Plaintiff's Complaint and therefore deny such allegations.

5. Defendants admit the allegations in Paragraph 5 of the Plaintiff's Complaint.

6. Defendants admit that Williams is a rapper, singer and songwriter who is professionally known as "Young Thug," but Defendants deny the remaining

allegations in Paragraph 6 of the Plaintiff's Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Plaintiff's Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

### A.      The 2016 Agreements

9.      Defendants admit that Plaintiff and YSL entered into the referenced 2016 Artist Agreement and further state that the 2016 Artist Agreement speaks for itself.

10.      Defendants admit that YSL executed the referenced 2016 Note and further state that the 2016 Note speaks for itself.

11.      Defendants admit that Williams executed the referenced 2016 Guaranty and further state that the 2016 Guaranty speaks for itself.

12.      Defendants state that the 2016 Guaranty speaks for itself.

13.      Defendants deny the allegations in Paragraph 13 of the Plaintiff's Complaint and demand strict proof thereof.

14.      Defendants deny the allegations in Paragraph 14 of the Plaintiff's Complaint.

15.      Defendants deny the allegations in Paragraph 15 of the Plaintiff's Complaint.

### B.      The 2017 Agreements.

16.      Defendants admit that Plaintiff and YSL entered into the referenced 2017 Artist Agreement and further state that the 2017 Artist Agreement speaks for itself.

DEFENDANTS JEFFERY WILLIAMS, YSL TOURING, LLC & YOUNG STONER LIFE PUBLISHING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

17.     Defendants admit that Plaintiff and YSL entered into the referenced 2017 Artist Agreement and further state that the 2017 Artist Agreement speaks for itself.

18.     Defendants admit that Exhibit A purports to be a copy of the 2017 Note, with redactions, and futher state that the 2017 Artist Agreement and 2017 Note speak for themselves.

19.     Defendants admit that the referenced 2017 Guaranty appears to be executed by Williams and further state that the 2017 Guaranty speaks for itself. Defendants admit that Exhibit B purports to be a copy of the 2017 Guaranty with redactions.

20.     Defendants state that the 2017 Guaranty speaks for itself.

21.     Defendants state that the 2017 Guaranty speaks for itself.

22.     Defendants deny the allegations in Paragraph 22 of the Plaintiff's Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Plaintiff's Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Plaintiff's Complaint.

25.     Defendants admit that they did not make the pay the amount referenced in Paragraph 25 of the Plaintiff's Complaint but deny that such amounts were due or owing.

26.     Defendant YSL admits that it received revenue from Williams' concert performances but denies the remaining allegations in Paragraph 26 of the Plaintiff's Complaint.

C.     **The Opt-Out Notice.**

27.     Defendants deny that YSL and Williams failed to honor their respective

obligations under the 2017 Artist Agreement or disregarded Plaintiff's rights thereunder, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Plaintiff's Complaint and therefore deny these allegations.

28.     Defendants admit that the referenced Opt-Out Notice is dated August 29, 2019 and that such Opt-Out Notice appears to have been sent to YSL and Williams by AEG.

29.     Defendants state that the Opt-Out Notice speaks for itself.

30.     Defendants state that the Opt-Out Notice speaks for itself.

31.     Defendants state that the 2017 Artist Agreement and 2017 Note speak for themselves.

32.     Defendants state that the Opt-Out Notice contained the referenced demands and that it speaks for itself.

33.     Defendants state that the Opt-Out Notice and the 2017 Note speak for themselves.

34.     Defendants deny that YSL owes Plaintiff "no less than $5,699,901.46" and further states that the 2017 Note and 2017 Artist Agreement speak for themselves.

35.     Defendants state that the 2017 Artist Agreement speaks for itself.

**D.     The Notice of Default.**

36.     Defendants admit that the referenced Notice of Default is dated December 5, 2019 but lacks information sufficient to form a belief as to the truth or falsity of the date that Plaintiff sent this Notice of Default to Defendants YSL and Williams.  Defendants admit they did not pay Plaintiff any portion of the referenced amounts but Defendants state that the Notice of Default speaks for itself and deny the remainder of the allegations in Paragraph 36 of the Plaintiff's Complaint.

### E. The Security Agreement.

37.    Defendants state that the 2017 Note included a security agreement which purports to be governed by California law, but Defendants state the 2017 Note speaks for itself.

38.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Plaintiff's Complaint, and therefore deny these allegations.

39.    Defendants state that the 2017 Guaranty speaks for itself.

40.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Plaintiff's Complaint, and therefore deny these allegations.    Defendants further state that the referenced Copyright Recordations attached to Plaintiff's Complaint as Exhibits C, D, E, and F speak for themselves.

41.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Plaintiff's Complaint, and therefore deny these allegations.

42.    Defendants admit that the U.S. Copyright Office's database reflects YSLP's status as claimant on certain copyright registrations and that the spreadsheet attached to the Complaint as Exhibit G appears to be a document summarizing such data, but Defendants deny the remaining allegations in Paragraph 42 of the Plaintiff's Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Plaintiff's Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Plaintiff's Complaint.

45.    Defendants state that the referenced Notice of Default speaks for itself.

46.     Defendants admit that neither Williams nor YSL has provided Plaintiff any of the referenced YSL Collateral or Williams Collateral or any of the Collateral Documents requested in the Notice of Default, but Defendants deny any legal obligation to do so and further state that the referenced 2017 Agreements and California Commercial Code speak for themselves.

## **FIRST CLAIM FOR RELIEF**

### **(Breach of the 2017 Artist Agreement – inclusive of 2017 Note)**

### **(Against YSL)**

47.     Defendants reallege their prior responses to paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendants deny the allegations in Paragraph 48 of the Plaintiff's Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Plaintiff's Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Plaintiff's Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Plaintiff's Complaint.

//

//

## **SECOND CLAIM FOR RELIEF**

## **(Breach of the 2017 Guaranty)**

### **(Against Mr. Williams and YSLP)**

55.     Defendants reallege their prior responses to paragraphs 1 through 54 above as if fully set forth herein.

56.     Defendants deny the allegations in Paragraph 56 of the Plaintiff's Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Plaintiff's Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Plaintiff's Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Plaintiff's Complaint.

## **THIRD CLAIM FOR RELIEF**

## **(Breach of the 2016 Artist Agreement and the 2016 Note)**

### **(Against YSL)**

61.     Defendants reallege their prior responses to paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendants deny the allegations in Paragraph 62 of the Plaintiff's Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Plaintiff's Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Plaintiff's Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Plaintiff's Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Plaintiff's Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

### (Breach of the 2016 Guaranty)

### (Against Mr. Williams and YSLP)

68. Defendants reallege their prior responses to paragraphs 1 through 67 above as if fully set forth herein.

69. Defendants deny the allegations in Paragraph 69 of the Plaintiff's Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Plaintiff's Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Plaintiff's Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Plaintiff's Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

### (For Specific Performance of Security Agreement in 2017 Note)

### (Against YSL)

74. Defendants reallege their prior responses to paragraphs 1 through 73 above as if fully set forth herein.

75.     Defendants admit the allegations in Paragraph 74 of the Plaintiff's Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Plaintiff's Complaint and therefore deny such allegations.

77.     Defendants deny the allegations in Paragraph 77 of the Plaintiff's Complaint.

78.     Defendants state the referenced security agreement included in the 2017 Note speaks for itself.

79.     Defendants deny the allegations in Paragraph 79 of the Plaintiff's Complaint.

80.     Defendants state the referenced 2017 Note speaks for itself.

## SIXTH CLAIM FOR RELIEF

### (For Specific Performance of Security Agreement in 2017 Guaranty)

### (Against Mr. Defendants and YSLP)

81.     Defendants reallege their prior responses to paragraphs 1 through 80 above as if fully set forth herein.

82.     Defendants admit the allegations in Paragraph 82 of the Plaintiff's Complaint.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Plaintiff's Complaint and therefore deny such allegations.

84.     Defendants deny the allegations in Paragraph 84 of the Plaintiff's Complaint.

85.     Defendants state that the referenced security agreement included in the 2017 Guaranty speaks for itself.

86. Defendants deny the allegations in Paragraph 86 of the Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF
### (For Declaratory Relief)
### (Against YSLP and Mr. Williams)

87. Defendants reallege their prior responses to paragraphs 1 through 86 above as if fully set forth herein.

88. Paragraph 88 does not appear to make allegations or averments of fact but instead appears to be a request for relief and legal conclusion to which no response is required. Nevertheless, to the extent that this Paragraph 88 includes any allegations of fact, Defendants deny such allegations and thereby admit a dispute or controversy exists.

89. Defendants admit that Williams and YSLP dispute certain of Plaintiff's contentions, as noted in this Answer.

90. Paragraph 90 contains a request for relief as to which no response is required. To the extent that this Paragraph 90 makes allegations of fact, Defendants deny such allegations and deny that Plaintiff is entitled to such relief.

91. Paragraph 91 contains a request for relief as to which no response is required. To the extent that this Paragraph 90 makes any allegations of fact, Defendants deny such allegations and deny that Plaintiff is entitled to such relief.

## EIGHTH CLAIM FOR RELIEF
### (For Injunctive Relief)
### (Against Defendants)

92. Defendants reallege their prior responses to paragraphs 1 through 91 above as if fully set forth herein.

93. Defendants admit the allegations in Paragraph 93 of the Plaintiff's

Complaint, but note that the specific items subject to the security agreement are limited to those specifically identified in the 2017 Guaranty.

94.     Defendants admit the allegations in Paragraph 94 of the Plaintiff's Complaint.

95.     Defendants state that the security agreements included in the 2017 Note and 2017 Guaranty speak for themselves.

96.     Paragraph 96 contains a request for relief as to which no response is required. To the extent that this Paragraph 96 makes allegations of fact, Defendants deny such allegations and deny that Plaintiff is entitled to the requested relief.

### NINTH CLAIM FOR RELIEF

### (Judicial Foreclosure)

### (Against YSL and Mr. Williams)

97.     Defendants reallege their prior responses to paragraphs 1 through 96 above as if fully set forth herein.

98.     Defendants admit to the execution of the security instruments referenced in Paragraph 98 of the Plaintiff's Complaint, but state that such instruments speak for themselves regarding the scope of any security interests.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Plaintiff's Complaint concerning whether such instruments were properly recorsed, and therefore such allegations are denied.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Plaintiff's Complaint and therefore deny such allegations.

100.     Defendants admit that the referenced Notice of Default is dated December 5, 2019 but lack information sufficient to form a belief as to the truth or

falsity of the date that Plaintiff sent this Notice of Default to Defendants. Defendants state that the Notice of Default speaks for itself.

101. Defendants deny the allegations in Paragraph 101 of the Plaintiff's Complaint.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Plaintiff's Complaint, and therefore denies such allegations.

103. Paragraph 103 states a legal conclusion as to which no response is required. To the extent that this Paragraph 103 makes allegations of fact, Defendants deny such allegations.

104. Paragraph 104 contains a request for relief as to which no response is required. To the extent that this Paragraph 104 makes allegations of fact, Defendants deny such allegations.

## TENTH CLAIM FOR RELIEF
### (Fraudulent Representation)
### (Cal. Civ. Code § 1710(1))
### (Against Defendants)

105. Defendants reallege their prior responses to paragraphs 1 through 104 above as if fully set forth herein.

106. Defendants state that the 2017 Agreements speak for themselves but deny the remaining allegations in Paragraph 106 of the Plaintiff's Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Plaintiff's Complaint.

108. Defendants deny they made any false representations and therefore deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Plaintiff's

Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Plaintiff's Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Plaintiff's Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Plaintiff's Complaint.

## ELEVENTH CLAIM FOR RELIEF

### (Fraudulent Promises Made Without Intent to Perform)

### (Cal. Civ. Code § 1710(4))

### (Against Defendants)

113. Defendants reallege their prior responses to paragraphs 1 through 112 above as if fully set forth herein.

114. Defendants deny the allegations in Paragraph 114 of the Plaintiff's Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Plaintiff's Complaint.

116. Defendants deny they made any false representations and therefore deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Plaintiff's Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Plaintiff's Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Plaintiff's Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Plaintiff's

Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation and claim set forth in Plaintiff's Complaint that otherwise is not specifically admitted in this Answer, including but not limited to each and every allegation and claim for relief as set forth in Plaintiff's prayer for relief.

## Affirmative Defenses

Without waiving or excusing the burden of proof imposed upon Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted, with the result that those claims should be dismissed in their entirety.

## Second Affirmative Defense

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by any applicable statute of limitations.

## Third Affirmative Defense

The Complaint and any purported claims for relief therein, are barred by the doctrines of waiver, release and estoppel.

## Fourth Affirmative Defense

The Complaint and any purported claims for relief therein are barred by the Plaintiff's unclean hands and bad faith.

## Fifth Affirmative Defense

The Complaint and any purported claims for relief therein are barred by the doctrine of laches because Plaintiff has unreasonably delayed in bringing this Action to the presumed or actual prejudice of Defendants.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants have not breached any contractual duty.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform under or otherwise breached the underlying contracts.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on Plaintiff's failure to satisfy conditions precedent.

### Ninth Affirmative Defense

Defendants assert the defense of mutual departure.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because one or more of the underlying contracts are unenforceable.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because there was never a meeting of the minds as to all essential terms of the purported contract.

### Twelfth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate its damages.

### Thirteenth Affirmative Defense

Defendants assert a defense based on the Plaintiff's abandonment or rescission.

### Fourteenth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Plaintiff's Complaint fails to satisfy Rule 9(b).

//

### Fifteenth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to elect between remedies.

### Sixteenth Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, because one or more of the Defendants is an improper party to this lawsuit.

### Seventeenth Affirmative Defense

To the extent one or more contracts between Plaintiff and Defendants existed, Defendants duly performed, satisfied, and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations, or contracts made by them or on their behalf.

### Eighteenth Affirmative Defense

If it is determined that Defendants failed to perform one or more obligations under any contract or agreement, which Defendants deny, Defendants contend that Plaintiff waived its right to require such performance by its own actions or omissions in each instance.

### Nineteenth Affirmative Defense

Plaintiff's Complaint, and each purported cause or action alleged therein, is barred because Plaintiff is estopped by its own conduct to claim any right to damages or any relief against Defendants.

### Twentieth Affirmative Defense

Plaintiff is not entitled to recover punitive damages because it has failed to plead specific facts sufficient to support allegations of oppression, fraud and/or malice as against each of the Defendants as required by California Civil Code section 3294. Furthermore, Defendants neither committed oppressive, fraudulent, malicious or despicable acts with respect to Plaintiff, nor did any managing agent of the corporate

Defendants authorize or ratify any such acts.

## Twenty-First Affirmative Defense

Plaintiff is not entitled to recover punitive damages because its claim for, and method of assessing, punitive damages violates the Eighth and Fourteenth Amendments of the United States Constitution and further violates state and federal Constitutional requirements of due process of law.

## Twenty-Second Affirmative Defense

Defendants allege that they are entitled to various privileges, immunities, and affirmative defenses as the same are set forth in the cases, laws and statutes of the State of California. The full nature and extent of such privileges, immunities and affirmative defenses applicable hereto, are presently unknown to Defendants. Therefore, Defendants pray for leave of court to allow them to amend this Answer to extend and insert the full nature and extent of such privileges, immunities, and affirmative defenses when the same have become fully ascertained and known.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment as follows:

a)   That Plaintiff take nothing by its Complaint;

b)   That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

c)   That Plaintiff be denied each and every demand and paryer for relief contained in its Complaint;

d)   For costs of suit incurred herein, including reasonable attorneys fees; and

e)   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial, as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

//

DEFENDANTS JEFFERY WILLIAMS, YSL TOURING, LLC & YOUNG STONER LIFE PUBLISHING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Dated: May 3, 2021.

Respectfully submitted by:
STOKES WAGNER, A.L.C.

By:    _/s/ Hayden Pace_
       HAYDEN R. PACE
       *Counsel for Defendants JEFFERY*
       *WILLIAMS, YSL TOURING, LLC and*
       *YOUNG STONER LIFE PUBLISHING, LLC*

DEFENDANTS JEFFERY WILLIAMS, YSL TOURING, LLC & YOUNG STONER LIFE PUBLISHING
LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2021 I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Western District of California by using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Kathleen Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

This 3rd day of May, 2021.

/s/ Hayden Pace
Hayden R. Pace
California Bar No. 219627

*Counsel for Defendants*

DEFENDANTS JEFFERY WILLIAMS, YSL TOURING, LLC & YOUNG STONGER LIFE PUBLISHING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT