|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| AEG PRESENTS LLC, a Delaware limited liability company, | Case No. 20-cv-11601-VAP (PVCx) |
|---|---|
| Plaintiff, | **CONFIDENTIALITY AND PROTECTIVE ORDER** |
| v. |   |
| YSL TOURING LLC, a Georgia limited liability company, JEFFERY LAMAR WILLIAMS, an individual, and YOUNG STONER LIFE PUBLISHING LLC, a Georgia limited liability company, |   |
| Defendants. |   |

Plaintiff AEG Presents, LLC ("Plaintiff") and Defendants YSL Touring, LLC, Jeffery Lamar Williams, and Young Stoner Life Publishing, LLC (collectively "Defendants") (Plaintiff and Defendants are referred to herein collectively as the "Parties" or individually as a "Party"), and their respective counsel, hereby agree to this Protective Order and Confidentiality Agreement ("Agreement") setting forth the following provisions governing the handling and designation of materials, including information and documents produced or provided in the above-captioned action.

1. **Applicability of Federal Rules, Local Rules, and Standing Order.** By entering this Agreement, the Parties acknowledge that Federal Rules of Civil Procedure 26(c) and 37(a)(4), Local Rule 79-5.2.2, and paragraph 12 of the Court's Standing Order impose certain obligations with regard to, *inter alia*, the designation of materials as confidential, the filing of such materials with the Court, and the use of such materials at trial and that the Parties shall be bound by and comply with such obligations.

2. **Materials Covered.** This Agreement shall be applicable to and govern treatment of any Party's documents produced in response to requests for production of documents, responses to interrogatories, and responses to requests for admissions, the depositions of the Parties or third parties, and documents produced by third parties (collectively, "Discovery Materials"), to the extent that such Discovery Materials are designated as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Agreement. (As used herein, the term "document" or "documents" shall have the same meaning as "writings" or "recordings" or "photographs" as defined in Rule 1001 of the Federal Rules of Evidence and shall also include electronically stored information.)

3. **Disclosure.** Nothing in this Agreement shall prevent disclosure of materials designated by a Party or a third party as "Confidential" or "Attorneys' Eyes Only" if the producing Party or third party consents in writing to such disclosure, if

the receiving party gained possession of such document through another source or if a court orders such disclosure.

4. **Inapplicability to Publicly Available Information.** This Agreement shall not be construed to apply to any information that is available to the public or is already in the possession of the receiving party.

5. **Confidential Information.** The term "Confidential Information" shall mean non-public information that a designating Party or third party (the "Designating Party") reasonably believes, in good faith, to comprise or reflect the following:

(a) Commercially sensitive business information, financial information, and proprietary information of a Designating Party, which is not generally known and which the Designating Party would normally not reveal to third parties or would cause third parties to maintain in confidence; and

(b) Personal information such as social security and taxpayer-identification numbers, driver's license numbers or state identification numbers, financial account numbers, dates of birth, home addresses, and personal telephone numbers and other personally identifying information.

6. **Attorneys' Eyes Only Information.** The term "Attorneys' Eyes Only Information" shall mean information that the Designating Party reasonably believes, in good faith, to constitute or contain information or documents that contain highly sensitive confidential business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party that the Designating Party has maintained in confidence or is under an obligation to maintain in confidence. Defendants shall not designate any information or documents identifying collateral pledged by any Defendant to Plaintiff as "Attorneys' Eyes Only Information."

7. **Disclosure and Use of Confidential Information.** Except as provided in paragraph 3 above, Confidential Information shall not be made available to any person other than the following:

    (a) legal counsel (either outside counsel or in-house counsel) for the Parties and such counsel's staff, including outside copying services, eDiscovery vendors, trial services providers, and other similar third-party service provides who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information be disclosed for purposes of this action;

    (b) any person who appears as the author, addressee, or recipient on the face of the document, exhibit, information or thing (or, in the case of audio or video materials, any person who was present during the recorded event);

    (c) a Party or any officer, director, member, manager, or employee of a Party who, in good faith, is deemed beneficial by counsel to aid in the prosecution, defense, or settlement of this action;

    (d) persons who are expressly retained or sought to be retained by a Party as consultants or testifying experts, such as accountants, statisticians, economists, or industry or technical experts; provided that the disclosure of Confidential Information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation, and that any such persons must first have signed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;

    (e) the Court and Court personnel involved in this action, including court reporters and interpreters;

(f) a witness during a deposition, hearing, or other proceeding in this action, provided that the corresponding portions of the transcript, as well as any Confidential Information marked as exhibits, shall be designated on the record as being Confidential Information protected hereunder; and/or

(g) any other persons who are permitted to receive information designated as Confidential or Attorneys' Eyes Only by Court order or by written stipulation of the Parties or who is or otherwise acts on behalf of (i) a potential buyer of any collateral pledged by any Defendant in favor of Plaintiff that is the subject of a potential foreclosure sale or (ii) a third party in possession of any such collateral, provided that in respect of any such potential buyers or third party in possession of any such collateral, the disclosure shall be limited to that which is necessary for Plaintiff to enforce its rights in and to the applicable collateral as permitted under applicable law.

8. **Disclosure and Use of Attorneys' Eyes Only Information.** Except as provided in paragraph 3 above, Attorneys' Eyes Only Information shall not be made available to any person other than the following:

(a) outside legal counsel for the Parties and such counsel's staff, including outside copying services, eDiscovery vendors, trial services providers, and other similar third-party service provides who are working on this litigation under the direction of such attorneys and to whom it is necessary that the information be disclosed for purposes of this action;

(b) any person who appears as the author, addressee, or recipient on the face of the document, exhibit, information or thing (or,

in the case of audio or video materials, any person who was present during the recorded event);

   (c) persons who are expressly retained or sought to be retained by a Party as consultants or testifying experts, such as accountants, statisticians, economists, or industry or technical experts; provided that the disclosure of Attorneys' Eyes Only Information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation, and that any such persons must first have signed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;

   (d) the Court and Court personnel involved in this action, including court reporters and interpreters;

   (e) a witness during a deposition, hearing, or other proceeding in this action, provided that the corresponding portions of the transcript, as well as any Attorneys' Eyes Only Information marked as exhibits, shall be designated on the record as being Attorneys' Eyes Only Information protected hereunder; and/or

   (f) any other persons who are permitted to receive information designated as Confidential or Attorneys' Eyes Only by Court order or by written stipulation of the Parties or who is or otherwise acts on behalf of (i) a potential buyer of any collateral pledged by any Defendant in favor of Plaintiff that is the subject of a potential foreclosure sale or (ii) a third party in possession of any such collateral, provided that in respect of any such potential buyers or third party in possession of any such collateral, the disclosure shall be limited to that which is necessary for Plaintiff to enforce its rights in and to the applicable collateral as permitted under applicable law.

Attorneys' Eyes Only Information may not be shared in written or electronic form with the Parties to this action. However, counsel for the Parties may discuss with their respective clients the nature of Attorneys' Eyes Only Information without disclosing the specific content of such Attorneys' Eyes Only Information, but only in connection with pursuing their claims or defenses in this action and/or enforcing their respective rights under the agreements that are the subject of this action.

9. **Protection of Information.** Any Party or person receiving Confidential Information or Attorneys' Eyes Only Information shall use its, his, or her best efforts to safeguard, preserve, and maintain the confidentiality of such information and shall not disclose or use information except as set forth in paragraphs 7 or 8 above.

10. **Depositions.** In the case of depositions, designation of those transcripts which contain Confidential or Attorneys' Eyes Only Information may be made by a Designating Party through a statement to such effect on the record during the course of the deposition by any counsel seeking the confidential protection. Counsel may identify and designate in good faith those portions of the transcript that contain Confidential Information or Attorneys' Eyes Only Information, and those portions of the transcript so identified shall be separately marked by the court reporter respective to their designation. If no such designation is made by a statement to such effect on the record during the course of the deposition, within twenty (20) days after receipt of the transcript from the court reporter, counsel may designate portions of the transcript as containing Confidential Information or Attorneys' Eyes Only Information by serving written notice of such designation upon all other Parties. Such notice shall specify the particular portions of the transcript that counsel wishes to designate as containing Confidential Information or Attorneys' Eyes Only Information by listing on a separate sheet of paper the numbers of the pages and lines of the transcript containing Confidential Information or Attorneys' Eyes Only Information so that the sheet may be affixed to the face of the transcript and each

copy thereof. The deposition transcript shall be treated in its entirety as Attorneys' Eyes Only, respectively, during this twenty (20) day period. If no Confidential or Attorneys' Eyes Only designation is made by a statement to such effect on the record during the deposition or within twenty (20) days after receipt of the transcript from the court reporter, the transcript shall be considered not to contain any Confidential Information or Attorneys' Eyes Only Information.

11. **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate Confidential Information or Attorneys' Eyes Only Information does not, standing alone, waive the designating Party's right to secure protection under this Agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Agreement.

12. **Challenge to Designations.** A Party shall not be obligated to challenge the propriety of designations of information as Confidential Information or Attorneys' Eyes Only Information at the time the designation is made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such Confidential or Attorneys' Eyes Only designation, the Parties shall follow the meet-and-confer and joint stipulation provisions set forth in Local Rules 37-1 and 37-2. Until the Court has ruled on the challenged designation, the information designated as Confidential Information or Attorneys' Eyes Only Information shall retain such designation. The burden of proving that information has been properly designated as Confidential Information or Attorneys' Eyes Only Information shall be on the Designating Party.

13. **Inadvertent Production of Privileged Material**. When the inadvertent disclosure of any information, document or thing subject to attorney-client, another privilege, or work-product immunity, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such

material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). When the receiving party discovers what appears to be the inadvertent disclosure by the producing party of any information, document or thing subject to attorney-client, another privilege, or work-product immunity, the receiving party shall bring such disclosure to the attention of the producing party. Any inadvertent disclosure of any information, document or thing subject to attorney-client, another privilege, or work-product immunity shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Nothing herein, however, herein restricts the right of the receiving party to challenge the producing party's claim of privilege with the Court.

14. **Third-Party Requests.** In the event any receiving party having possession, custody or control of any Confidential Information or Attorneys' Eyes Only Information receives a subpoena, request for production of documents, or other process or order (the "Request") to produce such material in another, unrelated legal proceeding, the receiving party shall (1) give notice of the Request to counsel for the disclosing party or third party that designated the material as Confidential Information or Attorneys' Eyes Only Information, (2) provide a copy of the Request to counsel for the disclosing party or third party, and (3) cooperate in all reasonable efforts of the disclosing party or third party to oppose production of the material sought by the Request. The disclosing party or third party making the designation as Confidential Information or Attorneys' Eyes Only Information shall have the burden of defending against the Request. The party receiving the Request shall be entitled to comply with it except to the extent the disclosing party or third party making the Confidential Information or Attorneys' Eyes Only Information designation obtains an order modifying or quashing the Request.

15. **Privilege Logs.** The parties agree that they do not need to place on a privilege log any document covered by the attorney-client privilege, and/or the

attorney work product doctrine, so long as the document (a) was prepared by outside counsel or in-house counsel for a Party and was not disclosed to any third party, (b) constitutes a communication between a Party and its outside counsel or its in-house counsel and was not disclosed to any third party, or (c) constitutes a communication between a Party's outside or in-house counsel and an expert or consultant retained for this litigation.

16. **Return or Destruction of Confidential Information and Attorneys' Eyes Only Information Upon Final Disposition of Lawsuit.** All Confidential Information or Attorneys' Eyes Only Information, including all copies of such materials, shall be destroyed or returned to the producing Party within thirty (30) days of the later of (a) final disposition of this litigation (*i.e.*, upon settlement, the conclusion of the appeals process, or the expiration of the time to appeal or the conclusion of any appeal); and (b) ninety (90) days after the completion of any and all foreclosure sales associated with any collateral pledged by any Defendant to Plaintiff; or (c) ninety (90) days after the full satisfaction of any judgment entered in this litigation. If such materials are destroyed, counsel for the non-producing Party shall confirm in writing to counsel for the producing Party that they have been destroyed. Notwithstanding this paragraph, counsel for the Parties are entitled to retain one (1) archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, as well as electronic copies, even if such materials contain Confidential Information or Attorneys' Eyes Only Information. Any such archival materials remain subject to this Agreement.

17. **No Waiver**. The failure to enforce any term or condition of this Agreement is not intended to be and shall not act as a waiver of any future breach or of any right or remedy under this Agreement or applicable law. Any waiver in any particular instance of the rights and limitations contained herein will not be deemed,

and is not intended to be, a general waiver of any rights or limitations contained herein, and shall not operate as a waiver beyond the particular instance.

18. **Court Approval**. The Parties and their counsel agree to the entry of an order approving and adopting this Agreement and that the Court shall have the authority to impose appropriate remedies if any Party violates this Agreement.

19. **Right to Further Relief.** Nothing in this Agreement limits the right of any person to seek its modification by the Court in the future.

20. **Right to Assert Other Objections.** By agreeing to the entry of this Agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Agreement.

21. **Term and Counterparts**. This Agreement shall survive in full force and effect and shall continue to be binding after the conclusion of this action unless modified by Court Order or the written stipulation of the Parties filed with the Court. This Agreement may be executed in counterparts.

**SO ORDERED** this 11 day of February, 2022.

_____
Hon. Pedro V. Castillo
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AEG PRESENTS LLC, a Delaware limited liability company, | Case No. 20-cv-11601-VAP (PVCx) |
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| YSL TOURING LLC, a Georgia limited liability company, JEFFERY LAMAR WILLIAMS, an individual, and YOUNG STONER LIFE PUBLISHING LLC, a Georgia limited liability company, | |
| Defendants. | |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Confidential and Protective Order entered in *AEG Presents LLC v. YSL Touring LLC, et al.*, Case No. 20-cv-11601-VAP (PVCx), and have received a copy of the Confidentiality and Protective Order (the "Protective Order").

3. I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information with anyone other than as permitted in the Protective Order.

5. I acknowledge that, by signing this agreement, 1 am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                          _____