UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11601 PA (PVCx) | Date | February 9, 2024 |
|---|---|---|---|
| Title | AEG Presents LLC v. YSL Touring LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

      The Court has reviewed the First Amended Complaint ("1st AC") filed by plaintiff AEG Presents LLC ("Plaintiff").  The 1st AC alleges claims against YSL Touring LLC ("YSL"), Jeffery Lamar Williams, and Young Stoner Life Publishing, LLC ("YSLP") (collectively "Defendants").  Plaintiff asserts that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

      A party seeking to invoke the Court's diversity jurisdiction must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

      The 1st AC alleges that "Mr. Williams is a resident of Georgia for purposes of diversity jurisdiction, as are YSL and YSLP, which are Georgia limited liability companies whose sole member Mr. Williams is a resident of Georgia . . . ."  (1st AC at 2:16-18; see also id. at ¶¶ 5 & 6.)  According to the 1st AC, Plaintiff "is a Delaware limited liability company.  AEG's sole member is Anschutz Entertainment Group, Inc., a Colorado corporation."  (Id. at ¶ 4.)  Because an individual is not necessarily domiciled where he or she resides, Plaintiff's allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11601 PA (PVCx) | Date | February 9, 2024 |
|---|---|---|---|
| Title | AEG Presents LLC v. YSL Touring LLC, et al. | | |

concerning the residence of Mr. Williams are insufficient to plausibly allege the citizenship of Mr. Williams, YSL, or YSLP. Similarly, because Plaintiff has not alleged the location of the principal place of business of Anschutz Entertainment Group, Inc., but only that it is a "Colorado corporation," Plaintiff has not adequately alleged its own citizenship. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). For this reason, Plaintiff has failed to adequately allege the citizenship of any of the parties and, as a result, has failed to meet Plaintiff's burden to establish the Court's diversity jurisdiction.

The Court therefore orders the parties to show cause in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. The parties' responses to this Order to Show Cause shall be filed by no later than February 20, 2024. Failure to timely and adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.