UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-11601-MRA-PVC | Date | April 1, 2024 |
|---|---|---|---|
| Title | AEG Presents LLC v. YSL Touring LLC et al | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MODIFYING PRETRIAL SCHEDULE AFTER CASE REASSIGNMENT AND SETTING SCHEDULING CONFERENCE

The Court's Reassignment Order, issued on February 27, 2024, confirmed that "[a]ll pretrial conferences and trial dates currently set for August 26, 2024, or thereafter, as well as other deadlines associated with the case, shall remain in effect." (ECF 51). The Reassignment Order also required the parties to file a Joint Case Management Report, addressing, among other things, "[w]hether there exists an immediate need for a case management conference to be scheduled in the action and, if so, why the parties believe such a need exists." (*Id.*). On March 5, 2024, the parties in this case filed a Joint Request for a Telephonic Scheduling Conference. (ECF 52). On March 13, 2024, the parties filed their Joint Case Management Statement. (ECF 53).

The Court GRANTS the parties' request for a scheduling conference, which is hereby set for **April 18, 2024, at 11:00 a.m.** The scheduling conference shall be held in person. A request for a remote appearance will be considered upon written application filed by April 5, 2025, and supported by an appropriate declaration establishing good cause.

Pursuant to the Reassignment Order, the Final Pretrial Conference currently set for September 20, 2024, and Trial currently set for October 22, 2024, should remain in effect. (ECF 46). However, the parties seek a fifth continuance in this matter which has been pending for over three years, because "Mr. Williams is incarcerated in Georgia and is currently engaged in a criminal trial in Fulton County Superior Court, Georgia on state RICO charges." (ECF 53). The parties first notified the Court that Mr. Williams had been incarcerated on July 27, 2022. (ECF 39). While the pretrial and trial dates in this matter have been continued four times, this case has never been stayed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-11601-MRA-PVC | Date | April 1, 2024 |
|---|---|---|---|
| Title | AEG Presents LLC v. YSL Touring LLC et al | | |

     According to their Joint Case Management Statement, the parties have not propounded written discovery since May of 2022, and have taken none of the depositions they anticipate are needed. (ECF 53). The parties continue to argue that "Mr. Williams' criminal charges and incarceration have presented significant discovery management issues," but they do not explain any steps they have taken since 2022 to conduct discovery. For example, the parties state that Mr. Williams' criminal trial "prevents" AEG from conducting discovery and "makes it very difficult" for the YSL Defendants to respond to discovery. (*Id.* at 8). However, the parties do not explain why discovery of AEG or the other named Defendants cannot move forward, and do not cite to a rule that "prevents" taking Mr. Williams' deposition while he is incarcerated. Furthermore, the parties here are both represented by counsel, "an opportunity many incarcerated civil litigants never receive." *Chavez v. United States*, No. CV 19-31-DMG (JEM), 2022 WL 16859654, at *5-6 (C.D. Cal. Aug. 8, 2022), *reconsideration denied*, No. CV 19-31-DMG (JEM), 2022 WL 18142533 (C.D. Cal. Oct. 21, 2022) (finding good cause existed to amend a Rule 16 scheduling order and reopen discovery because incarcerated plaintiff "assiduously pursued his claim and jumped through every procedural hurdle to the best of his ability").

     The parties argue that motion for summary judgment filing is "impracticable" because "AEG has not completed its discovery and that the YSL Defendants could oppose such motion by filing a declaration pursuant to Fed. R. Civ. P. 56(d) arguing that Mr. Williams' pending criminal trial prevents them from presenting facts essential to justify their opposition to any such motion." (ECF 53). The parties may file such motions, but the Court would only consider granting requests to reopen discovery "if the movant *diligently pursued* its previous discovery opportunities." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (emphasis added).

     Lastly, the parties asked the Court in November of 2021 and again in April of 2022 to continue the case because they needed time "to focus on settlement negotiations" (ECF 28), and "engage in good faith settlement discussions" (ECF 37). The parties have not held a settlement conference since September of 2021, and based on their Joint Case Management Statement, it is unclear if they are still *actively* attempting to pursue settlement. (ECF 32).

     While the Court may continue certain pretrial dates in this matter, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11601-MRA-PVC | Date | April 1, 2024 |
| Title | AEG Presents LLC v. YSL Touring LLC et al | | |

that the parties have failed to show good cause and extraordinary circumstances for continuing the current pretrial and trial dates as the parties suggest.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *id.* at 10 ("[A]s a practical matter, extraordinary circumstances is a close correlate of good cause."); *Dang v. Fulkerson*, No. 2:16-CV-00222-SK, 2017 WL 2311230, at *3  (C.D. Cal. May 25, 2017) (finding that even though plaintiff was incarcerated and proceeding pro se, if the party seeking the modification "was not diligent," then "the inquiry should end") (internal quotations and citations omitted).

However, given the reassignment and the Court's schedule, the Court hereby modifies and sets the following pretrial dates:

| | |
|---|---|
| Final Pretrial Conference (3:00 p.m.) | November 7, 2024 |
| Opposition to Motions in Limine Filing Deadline | October 17, 2024 |
| Motions in Limine Filing Deadline | October 10, 2024 |
| Last Date to HEAR Motions | September 26, 2024 |
| Settlement Conference Completion Date | August 29, 2024 (unchanged) [Magistrate Judge] |
| Discovery Cut-Off | August 12, 2024 (unchanged) |
| Scheduling Conference (11:00am) | April 18, 2024 |
| *Last Date to HEAR Motions to Amend Pleadings/Add Parties* | *October 11, 2021 (unchanged)* |

//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-11601-MRA-PVC | Date | April 1, 2024 |
|---|---|---|---|
| Title | AEG Presents LLC v. YSL Touring LLC et al | | |

The Court defers setting a trial date until the parties appear for the Final Pretrial Conference (FPTC). However, the parties are expected to be ready to proceed to trial following the FPTC, and therefore shall confer before the FPTC to identify mutually agreeable trial date(s) within 60 days following the conference. These pretrial dates and deadlines will not be continued except upon a showing of good cause, which generally requires unforeseeable circumstances. *See* Fed. R. Civ. P. 16(b)(4). Failure to conduct discovery diligently or a desire to engage in settlement discussions will not constitute good cause.

**The parties shall comply with the Court's forthcoming Civil Trial Order.**

IT IS SO ORDERED.

\_\_\_ : \_\_\_

Initials of Deputy Clerk   gga