Kathleen Jorrie (SBN 121578)
Jeffrey D. Wexler (SBN 132256)
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213.488.7100
Facsimile: 213.629.1033
kathy.jorrie@pillsburylaw.com
jeffrey.wexler@pillsburylaw.com

Attorneys for Plaintiff AEG Presents LLC

Hayden R. Pace (SBN 219627)
STOKES WALKER, ALC
One Harbor Drive, Suite 211
Sausalito, CA 94965
Telephone: 415.943.9471
Facsimile: 619.232.4840
hpace@stokeswagner.com

Attorney for Defendants Jeffery Lamar Williams,
YSL Touring LLC, and Young Stoner Life Publishing, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AEG PRESENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>YSL TOURING LLC, a Georgia limited liability company; JEFFERY LAMAR WILLIAMS, an individual; and YOUNG STONER LIFE PUBLISHING, LLC, a Georgia limited liability company,<br><br>Defendants. | Case No. 2:20-cv-11601-MRA (PVCx)<br><br>**JOINT STATUS REPORT PURSUANT TO COURT'S AUGUST 21, 2024 SCHEDULING NOTICE [Dkt. 59]**<br><br>Final Pre-Trial Conf.: March 20, 2025<br>Trial Date:　　　None Set |

1

4894-3163-7215

Pursuant to the Court's August 21, 2024 Scheduling Notice [Dkt. 59], plaintiff AEG Presents LLC ("AEG") and defendants YSL Touring LLC, Jeffery Lamar Williams ("Williams"), and Young Stoner Life Publishing, LLC ("YSLP") (collectively, "Defendants") respectfully submit this Joint Status Report regarding the status of discovery and whether the parties have met or will meet the deadlines set forth in the April 26, 2024 Joint Report [Dkt. 57].

As set forth in that Joint Report, due in part to the ongoing criminal jury trial against Williams in Fulton County, Georgia, the parties agreed upon a phased discovery plan that provides initially for discovery from the following third-party witnesses (the "Third-Party Witnesses") and, as necessary, for their depositions: (1) NKSFB, LLC; (2) Granderson Des Rochers LLP; (3) United Talent Agency, LLC; (4) Kobalt Music Publishing America, Inc.; and (5) Reservoir Media Management, Inc. AEG served subpoenas *duces tecum* on all five of these witnesses, and in June, July, and August 2024, such witnesses collectively produced more than 10,000 pages of documents.[1] AEG is in the process of securing additional discovery from such witnesses; it will file motions to compel further production if necessary.

The parties have met and conferred regarding the next phase of discovery and have agreed that the most efficient approach would be to modify their discovery plan to include the service by AEG of subpoenas on other third-party witnesses believed by AEG, based on the recent production by the Third-Party Witnesses, to have been involved in the alleged fraudulent transfers or to have received title to the

---

[1] Plaintiff contends that the produced documents show: (1) after this Action was filed, Williams received more than $16,000,000 from the sale of more than 400 ompositions that are the subject of AEG's claims in this Action, which seek to foreclose on such compositions based on a lien granted by Williams; and (2) Williams represented and warranted to the buyer that the compositions were free and clear of any liens and were not the subject of any pending lawsuit. In the next two or three weeks, AEG intends to seek leave of Court to file an amended complaint that, among other things: (1) adds claims based on fraudulent transfer theories; and (2) adds the current owners of the sold compositions as defendants to the foreclosure claims based on an allegation that such parties received the compositions subject to AEG's lien. Defendants' counsel has indicated that his client may be willing to stipulate to such leave to enable Plaintiff to file an amended complaint. Both counsels are currently engaged in discussions regarding the most efficient means of addressing these potential new claims.

compositions that are the subject of AEG's current foreclosure claims. AEG plans to serve additional third-party subpoenas by September 15, 2024.

Once additional documents have been produced, the parties will meet and confer: (1) to seek to reach agreement as to the authenticity of the documents produced by the Third-Party Witnesses or previously produced by Defendants; (2) to discuss the need to take depositions of any such witnesses and to agree upon the schedule for such depositions; and (3) to identify documents that Defendants need not produce because such documents have been produced by the Third-Party Witnesses. The parties anticipate that this will be completed by October 30, 2024.

Given the volume of documents produced by the third-party subpoena recipients to date, and Plaintiff's intention to serve additional subpoenas in the coming weeks, the parties anticipate that it will not be possible by September 30, 2024 for the parties to (i) confer and identify the relevant documents (that have not been produced by such Third-Party Witnesses or other Defendants) for Defendants to produce; and (ii) confer in an attempt to narrow the scope of further discovery and explore potential stipulations of fact and authenticity of evidence. These circumstances further result in a modest delay of the parties' ability to meet and confer to discuss: (1) the parties' need to depose one another; and (2) whether the scope of such depositions can be limited in light of the documents produced by Third-Party Witnesses, any stipulations entered into by the parties concerning the authenticity of documents, and any deposition testimony of Third-Party Witnesses. Such delay also prevents the parties from entering into factual stipulations that may obviate the need for – or the scope of – depositions of witnesses affiliated with Defendants or AEG or from taking the depositions of party-affiliated witnesses to be completed by the November 15, 2024 date set forth in the April 26, 2024 Joint Report.

For the reasons set forth above, the parties believe that they will not be able to complete discovery by the December 12, 2024 deadline set by the Court in its May 3, 2024 Order re: Modifying Pretrial Schedule [Dkt. 58]. Accordingly, the parties respectfully request a three-month continuance of all dates set in that Order.

4894-3163-7215

Lastly, the parties' counsel have conferred regarding Mr. Pace's unavailability for the in-person status conference currently scheduled for December 5, 2024. Plaintiff's counsel has agreed to a postponement of that status conference if the Court is amenable to a re-set for the week of December 16 or in January, or alternatively, if amenable to the Court, Defendants may be represented at the status conference by Mr. Pace's associate attorney.

Dated: August 30, 2024    KATHLEEN JORRIE
                          JEFFREY D. WEXLER
                          PILLSBURY WINTHROP SHAW PITTMAN LLP


                          /s/ Kathleen Jorrie
                          Kathleen Jorrie
                          Attorneys for Plaintiff AEG Presents LLC

Dated: August 30, 2024    HAYDEN R. PACE
                          STOKES WAGNER ALC


                          /s/ Hayden R. Pace
                          Hayden R. Pace
                          Attorneys for Defendants YSL Touring LLC, Jeffery Lamar Williams, and Young Stoner Life Publishing, LLC

**ATTESTATION OF COUNSEL**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                          /s/ Kathleen Jorrie
                          Kathleen Jorrie

4894-3163-7215